Opinion by CLINE, J. It was stipulated that the merchandise is the same in all material respects as that passed upon in *Tower & Sons* v. *United States* (14 Cust. Ct. 94, C. D. 919). In accordance therewith the claim for free entry was sustained.

**No. 51402.**— Protest 116095–K of Norman G. Jensen (Pembina).

Opinion by CLINE, J. It was stipulated that the merchandise is the same in all material respects as that passed upon in *Tower & Sons* v. *United States* (14 Cust. Ct. 94, C. D. 919). In accordance therewith the claim for free entry was sustained.

**No. 51403.**—Protests 111013–K, etc., of Kerr-Gifford & Co.. Inc. (Seattle).

Opinion by CLINE, J. It was stipulated that the merchandise is the same in all material respects as that passed upon in *Tower & Sons* v. *United States* (14 Cust. Ct. 94, C. D. 919). In accordance therewith the claim for free entry was sustained as to certain items of the merchandise involved.

BEFORE THE FIRST DIVISION, NOVEMBER 13, 1946

**No. 51404.**—Protests 84226–K, etc., of Chew Chong Tai & Co. et al. (San Francisco).

OLIVER, Presiding Judge: These suits involve the classification of mah jong sets, chopsticks, and other articles, some of which were assessed for duty at the rates of 40 cents per pound and 50 percent ad valorem under paragraph 33, Tariff Act of 1930, as manufactures of galalith, by similitude, and the others (protests 89646–K (entry 4559), 89631–K, 89648–K, 89647–K, and 89635–K) at the same rates under the same paragraph as manufactures of galalith. It is claimed that all these articles are properly dutiable as unenumerated manufactured articles at 20 percent ad valorem under paragraph 1558.

The appraiser of merchandise at the port of entry was called as a witness by the plaintiff. He testified that he signed the summary sheets attached to the invoices. His attention was called to a statement accompanying protest 89628–K, addressed to the collector and signed by J. E. Connell, Examiner, and approved by P. B. Divine, Acting Appraiser, which reads in part "this office would now advisorily classify this merchandise at 20 percent under paragraph 1558, citing C. D. 35 and C. D. 480." Referring to such a memorandum appearing also in some of the other cases being tried, he was asked whether he was familiar with the nature of the merchandise so referred to and stated he was not personally familiar with the merchandise (R. 6); that he never examined any of it (R. 7).

Objection was made to the reading of this memorandum as the document was not in evidence and was not admissible in evidence because it was not timely. The objection was sustained.

The appraiser further stated that he did not know whether the merchandise covered by the invoice in protest 84226–K was composed of synthetic phenolic resin (R. 17).

He further testified that he signed a stipulation covering the protests here involved, and having refreshed his recollection therefrom, stated that he was